# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

|  |  |
|---|---|
| AMERICA FIRST LEGACY PAC, <br><br> Plaintiff, <br><br> v. <br><br> ANGIE WONG, <br><br> Defendant. | CIVIL ACTION FILE <br><br> NO. 3:24-cv-20-TCB |

## **O R D E R**

This case comes before the Court on Defendant Angie Wong's motion [3] for judgment on the pleadings and Plaintiff America First Legacy PAC's ("Legacy PAC") motion [4] to consolidate this case with *America's First Legacy PAC v. Angie Wong*, No. 3:23-cv-208-TCB.[1]

Although in its early stages, this case has a complicated procedural history. On August 22, 2023, Legacy PAC filed a complaint against Wong in the Superior Court of Coweta County. On November 3,

---

[1] The Court notes that the Plaintiff's name in case number 3:23-cv-208 is America's First Legacy PAC, and the Plaintiff's name in case number 3:24-cv-20 is America First Legacy PAC. The two entities are the same, and Plaintiff refers to itself as America First Legacy PAC in filings in both case numbers.

Wong removed the case to this Court (*America's First Legacy PAC v. Angie Wong*, No. 3:23-cv-208-TCB). On January 12, 2024, before the Court could rule on Wong's motion to dismiss, Legacy PAC filed [15] a notice of voluntary dismissal without prejudice. On January 18, Wong filed [18] a notice that Legacy PAC failed to obtain her stipulation as to the dismissal. As such, case number 3:23-cv-208-TCB is still pending.

On January 15, 2024, three days after Legacy PAC filed the notice of voluntary dismissal in 3:23-cv-208-TCB, it filed another lawsuit against Wong in the Superior Court of Coweta County. On January 30, Wong removed the case to this Court under this case number and filed a motion [3] for judgment on the pleadings based on the prior pending action doctrine.

Legacy PAC did not respond to Wong's motion for judgment on the pleadings, deeming it unopposed. But on February 13, it moved to consolidate this case with 3:23-cv-208-TCB. On February 23, Wong filed [6] a response to the motion to consolidate, opposing the motion for two reasons: (1) if the Court granted her motion for judgment on the pleadings, "there will be nothing to consolidate," and (2) consolidation is unnecessary because the complaints are identical. [6] at 3–4.

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED. R. CIV. P. 12(c). Judgment on the pleadings is appropriate only "when no issues of material fact exist, and the movant is entitled to judgment as a matter of law." *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996). When reviewing a motion for judgment on the pleadings, the Court considers only the substance of the pleadings and any judicially noticed facts, and it accepts the facts in the pleadings as true and views them in the light most favorable to the nonmoving party. *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

As this Court has explained, "[t]he prior pending action doctrine is invoked when the second case is duplicative of the first." *Estate of Barnett v. NaphCare, Inc.*, No. 1:21-cv-2890-TCB, 2021 WL 7541406, at *2 (N.D. Ga. Sept. 2, 2021). "A second lawsuit is duplicative of the first if the parties, issues and available relief do not significantly differ between the two actions." *Id.* (internal quotation marks and quotation omitted). "When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed." *Id.* (quotation omitted).

This is the second case between the parties pending before the Court. The complaint in this case is nearly identical to the complaint in another case pending before the undersigned Judge, case number 3:23-cv-208-TCB. Both complaints involve the same parties, assert the same claims, and involve the same facts. The only difference is that here, Legacy PAC seeks to recover an amount below the $75,000 amount-in-controversy threshold for diversity jurisdiction. The complaint in case number 3:23-cv-208-TCB seeks $22,500 in damages for count one (unlawful interference with employer's business); $250,000 in compensatory damages and an unspecified amount of punitive damages for count two (defamation/libel); an injunction for counts three (conversion/trover of Legacy PAC property) and four (motion for immediate/temporary injunctive relief); and an unspecified amount of damages for count five (attorney's fees and litigation expenses).

In *this* case, Legacy PAC seeks the same amount of damages in count one, but reduces the damages from $250,000 to $50,000 for count two.[2]

---

[2] Although the specified amount of damages sought is $2,500 less than the $75,000 threshold for diversity jurisdiction, Legacy PAC still seeks punitive damages in count two. The egregious misconduct alleged makes it likely that any potential award of punitive damages would be more than the amount necessary to

Legacy PAC "had no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant[]." *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)). Therefore, because Legacy PAC failed to respond to Wong's motion and for good cause shown, the case must be dismissed.

For the foregoing reasons, Wong's motion [3] for judgment on the pleadings is granted. Because the motion is granted, Legacy PAC's motion [4] to consolidate is denied as moot. Closing of this case will not adversely affect the rights of any party in the associated case of 3:23-cv-208-TCB. The Clerk is directed to close this case.

IT IS SO ORDERED this 4th day of March, 2024.

*[signature]*

Timothy C. Batten, Sr.
Chief United States District Judge

---

satisfy the threshold requirement. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062, 1064 (11th Cir. 2010) (holding that the district court may use its common sense and judicial experience to evaluate the complaint to determine whether it is "facially apparent" from the pleading whether the amount-in-controversy requirement is satisfied when the complaint fails to provide a specific amount of damages (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)); *see also Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (stating that "[p]unitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases").